*LAW OFFICES ROSEMARIE ARNOLD*
*Mark Niedziela, Esq.*
*1386 Palisade Avenue*
*Fort Lee, NJ 07024*
*Tel: 201-461-1111*
*Fax: 201-461-1666*
*www.rosemariearnold.com*
*Attorneys for Plaintiff, Benjamin Jackson*

| | |
|---|---|
| Plaintiff(s),<br><br>BENJAMIN JACKSON,<br><br>vs.<br><br>Defendant(s),<br><br>PATERSON POLICE DEPARTMENT, CITY OF PATERSON, P.O. MALEK ASSAF, P.O. JOHN RIKOWICH, P.O. YAMIL PIMIENTA, P.O. DOMENIC DICARLO, P.O. MUHAMMED DOMBAYCI, P.O. LEVIS QIRJAKO, P.O. COREY DAVIS, P.O. BRIAN CULMONE, P.O. ANTHONY CASTRONOVA, P.O. WISAM SALAMEH, P.O. WILLIAM HERMANN, P.O. ELGIN MELENDEZ, JOHN DOE 1-10, ABC CORP 1-5, DEF CORP 1-5, (the last three being fictitious designations). | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY**<br><br><br>CIVIL ACTION NO.: 2:24-cv-10215<br><br><br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff(s), BENJAMIN JACKSON (hereinafter, "PLAINTIFF"), currently incarcerated in the Bayside State of New Jersey Prison, by way of Complaint against Defendants, say(s), upon information and belief:

**DESCRIPTION OF PARTIES AND STATEMENT OF FACTS**

1. At all relevant times herein, PLAINTIFF, is an adult who at the time of his arrest on November 6, 2022, resided at 221 Graham Terrace, Saddle Brook, New Jersey.

2. PLAINTIFF is an African American male.

3.  At all relevant times herein, Police Officer Malek Assaf (hereinafter, "P.O. ASSAF") was a Paterson Police officer who was acting within the course and scope of his employment.

4.  At all relevant times herein, Police Officer John Rikowich (hereinafter, "P.O. RIKOWICH") was a Paterson Police officer who was acting within the course and scope of his employment.

5.  At all relevant times herein, Police Officer Yamil Pimienta (hereinafter, "P.O. PIMIENTA") was a Paterson Police officer who was acting within the course and scope of his employment.

6.  At all relevant times herein, Police Officer Domenic Dicarlo (hereinafter, "P.O. DICARLO") was a Paterson Police officer who was acting within the course and scope of his employment.

7.  At all relevant times herein, Police Officer Muhammed Dombayci (hereinafter, "P.O. DOMBAYCI") was a Paterson Police officer who was acting within the course and scope of his employment.

8.  At all relevant times herein, Police Officer Levis Qirjako (hereinafter, "P.O. QIRJAKO") was a Paterson Police officer who was acting within the course and scope of her employment.

9.  At all relevant times herein, Police Officer Corey Davis (hereinafter, "P.O. DAVIS") was a Paterson Police officer who was acting within the course and scope of his employment.

10. At all relevant times herein, Police Officer Brian Culmone (hereinafter, "P.O. CULMONE") was a Paterson Police officer who was acting within the course and scope of his employment.

11. At all relevant times herein, Police Officer Anthony Castranova (hereinafter, "P.O. CASTRANOVA") was a Paterson Police officer who was acting within the course and scope of his employment.

12. At all relevant times herein, Police Officer Wisam Salameh (hereinafter, "P.O. SALAMEH") was a Paterson Police officer who was acting within the course and scope of his employment.

13. At all relevant times herein, Police Officer William Hermann (hereinafter, "P.O. HERMANN") was a Paterson Police officer who was acting within the course and scope of his employment.

14. At all relevant times herein, Police Officer Elgin Melendez (hereinafter, "P.O. MELENDEZ") was a Paterson Police officer who was acting within the course and scope of his employment.

15. On or about November 6, 2022, between the hours of 8:00 pm and 9:00 pm, PLAINTIFF was unlawfully stopped by the Defendants, P.O. DOMBAYCI, P.O. RIKOWICH, P.O. SALAMEH, and P.O. DAVIS, undercover, plain clothed officers of the Paterson Police Department, at Broad and East 18th Street, Paterson, New Jersey.

16. The Defendant officers were equipped with department issued Body Worn Cameras, which were activated, at times, during this incident.

17. The Defendant P.O. DOMBAYCI alleges that at the aforesaid time and place, he observed PLAINTIFF exit a dark colored SUV with a black fanny pack on his upper torso.

18. Defendant P.O. DOMBAYCI baselessly alleges that he saw PLAINTIFF conduct a security check of said fanny pack, which he claims was known to him as an unconscious

movement used by armed individuals to ensure that a weapon is in the correct place that it is concealed.

19. Defendant P.O. DOMBAYCI baselessly alleges that a fanny-pack style bag is an accessory used by armed individuals to conceal firearms as well as other contraband.

20. P.O. DOMBAYCI baselessly alleges that he saw PLAINTIFF "noticing" the officers' unmarked vehicle, then PLAINTIFF allegedly "became startled," "eyes widened," and he "abruptly slowed down his pace," and that PLAINTIFF's reaction was allegedly indicative of someone before, during, or after the commission of a crime.

21. The Defendant officers wrongfully used these pretextual and alleged behaviors as justification to stop PLAINTIFF.

22. PLAINTIFF was asked by P.O. SALAMEH and P.O. DOMBAYCI to submit to a search of his person by the Defendants named in this Complaint.

23. PLAINTIFF asked the Defendant officers what their suspicion was for stopping him, and none of the officers articulated their basis for stopping or suspecting PLAINTIFF, so PLAINTIFF declined said search, as depicted on Body Camera video of Defendant P.O. SALAMEH's body camera footage at 00:45 to 01:30 minutes.

24. Defendants insisted on searching PLAINTIFF, therefore PLAINTIFF, who continuously advised the officers that New Jersey was not a stop and frisk state, asked for a supervisor to arrive on the scene fifteen times, as depicted on the Body Camera video of Defendant P.O. SALAMEH's body camera footage at 01:15 to 02:00 minutes.

25. None of the Defendants called for a supervisor, despite PLAINTIFF's fifteen constant and continuous requests.

26. As depicted on the Body Camera video of Defendant P.O. SALAMEH's body camera footage at 00:30 to 01:00, and 2:30 to 3:00 minutes of the PLAINTIFF's arrest on November 6, 2022, PLAINTIFF had his arms up on a glass window of the establishment located at 444 Broadway, Paterson New Jersey, and was being detained involuntarily by Defendants P.O. DOMBAYCI, P.O. RIKOWICH, P.O. SALAMEH, and P.O. DAVIS, while Defendant P.O. SALAMEH advised him that they were going to conduct a Terry Frisk of his person.

27. When PLAINTIFF asked Defendants P.O. DOMBAYCI, P.O. RIKOWICH, P.O. SALAMEH, and P.O. DAVIS, whether he was under arrest, the Defendants informed him that he was not under arrest as depicted on the Body Camera video of Defendant P.O. SALAMEH's body camera footage at 02:35 to 02:45 minutes.

28. Thereafter, PLAINTIFF's hands were on the glass, while asking for a supervisor to arrive on scene.

29. Thereafter, even though, at all times PLAINTIFF's hands were above his head, and on the glass window of a building that he was facing, P.O. DOMBAYCI, P.O. RIKOWICH, P.O. SALAMEH, and P.O. DAVIS advised PLAINTIFF that if he didn't put his hands up he would be put under arrest as depicted in the Body Camera video of Defendant P.O. SALAMEH's body camera footage at 03:00 to 03:15 minutes.

30. While PLAINTIFF's hands were up on the glass wall, he was following the commands of the Defendant officers, and while he was continually asking for a supervisor, the Defendant officers arrested PLAINTIFF, while falsely stating "all you was doing was making problems" as depicted in the Body Camera video of Defendant P.O. SALAMEH's body camera footage at 03:30 to 03:40 minutes.

31. PLAINTIFF informed P.O. DOMBAYCI, P.O. RIKOWICH, P.O. SALAMEH, and P.O. DAVIS, that he had stitches in his head from recent brain surgery and that he suffers from seizures as depicted in the Body Camera video of Defendant P.O. SALAMEH's body camera footage at 03:00 to 03:45 minutes.

32. Despite the warning PLAINTIFF gave to the officers about his head injury, P.O. RIKOWICH, P.O. DAVIS, P.O. DOMBAYCI, P.O. SALAMEH violently threw the PLAINTIFF to the ground, in order to put PLAINTIFF in handcuffs, then repeatedly, and without reason or cause, brutally kicked him, punched him in the face, chest and stomach, slammed his face and head into the ground, and then handcuffed him, as depicted on the Body Camera video of Defendant P.O. SALAMEH's body camera footage at 03:00 to 04:00 minutes.

33. After the severe and brutal beating of PLAINTIFF, by Defendants, P.O. RIKOWICH, P.O. DAVIS, P.O. DOMBAYCI, P.O. SALAMEH, said Defendants arrested the PLAINTIFF, as depicted on the Body Camera video of Defendant P.O. SALAMEH's body camera footage at 03:45 to 04:15 minutes.

34. Thereafter, upon information and belief, it was P.O. SALAMEH who removed the fanny pack from around PLAINTIFF's body while PLAINTIFF was in handcuffs, as depicted on the Body Camera video of Defendant P.O. SALAMEH's body camera footage at 04:10 to 04:30 minutes.

35. While P.O. SALAMEH was about to walk away from PLAINTIFF to search PLAINTIFF's bag without a warrant, P.O. SALAMEH turned back around to the PLAINTIFF, whose hands were handcuffed behind his back, and sexually assaulted him by grabbing  PLAINTIFF's scrotum while stating "that's for free bro don't even worry

about it," as depicted on the Body Camera video of Defendant P.O. SALAMEH's body camera footage at 04:25 to 04:50 minutes

36. During the sexual assault by Defendant P.O. SALAMEH of the handcuffed PLAINTIFF, none of the other Defendant officers intervened to protect the handcuffed prisoner and instead, encouraged Defendant P.O. SALAMEH's actions by looking on and laughing at this malicious and cruel conduct while PLAINTIFF was expressing his outrage to the sexual assault and violation of his body by Defendant P.O. SALAMEH, as depicted on the Body Camera video of Defendant P.O. MELENDEZ's body camera footage at 01:40 to 01:50 minutes.

37. Despite PLAINTIFF's severe and painful injuries, and his complaints of same to Defendant officers P.O. DOMBAYCI, P.O. RIKOWICH, P.O. SALAMEH, and P.O. DAVIS, PLAINTIFF was walked to and seated in a police car for approximately five minutes while he was berated by all of the Defendant officers, as depicted on the Body Camera video of Defendant P.O. DICARLO's body camera footage at 00:20 to 03:00 minutes.

38. PLAINTIFF again complained to P.O. ASSAF and P.O. DICARLO, the Defendant officers in the car, while he sat handcuffed, of his severe injuries,  including aggravation of the wound requiring stitches in his head from recent brain surgery, and again stated that he suffered from seizures as a result of brain surgery as depicted on the Body Camera video of Defendant P.O. DICARLO's body camera footage at 00:20 to 03:00 minutes.

39. After ignoring PLAINTIFF's requests for a prolonged period of time, P.O. ASSAF and P.O. DICARLO, drove from the scene with PLAINTIFF in handcuffs in the back of the

police car as depicted on the Body Camera video of Defendant P.O. DICARLO's body camera footage at 01:45 to 03:30 minutes.

40. Defendant P.O. ASSAF subsequently stopped the vehicle and removed PLAINTIFF from the backseat of the police car because, he said he believed, that PLAINTIFF was deliberately banging his head around in the back seat. In reality, PLAINTIFF was suffering from a seizure in the back of the car, as depicted in the Body Camera video of Defendant P.O. DICARLO's body camera footage at 03:35 to 03:55 minutes.

41. Once PLAINTIFF was responsive after his seizure, he begged P.O. ASSAF and P.O. DICARLO for an ambulance due to his injuries, including the severe pain in his scrotum.

42. After a prolonged period of time, the Defendant officers P.O. ASSAF and P.O. DICARLO finally then called for an ambulance to arrive at the location where they had pulled over on Van Houten Street and Rosa Parks Boulevard in Paterson, New Jersey, to address PLAINTIFF's serious medical condition as evidenced in the Body Camera video of Defendant P.O. DICARLO's body camera footage at 04:20 to 05:00 minutes.

43. While waiting for the ambulance, Defendant officers P.O. CASTRONOVA, P.O. QIRJAKO, and P.O. PIMIENTA arrived to the scene where they and P.O. ASSAF, P.O. DICARLO stood around PLAINTIFF who was lying on the cold ground outside of the vehicle handcuffed as depicted on the Body Camera video of Defendant P.O. DICARLO's body camera footage at 04:10 to 06:00 minutes

44. PLAINTIFF again told the Defendant officers P.O. ASSAF, P.O. DICARLO, P.O. CASTRONOVA, P.O. QIRJAKO, and P.O. PIMIENTA that he suffers from seizures, but P.O. ASSAF and P.O. DICARLO responded that PLAINTIFF was just banging his head around and since he was not foaming at the mouth, he could not be having a seizure, as

they were standing around PLAINTIFF and laughing, as depicted on the Body Camera video of Defendant P.O. DICARLO's body camera footage at 06:00 to 06:30 minutes.

45. PLAINTIFF asked the Defendant officers P.O. ASSAF, P.O. DICARLO, P.O. CASTRONOVA, P.O. QIRJAKO, and P.O. PIMIENTA for water, which they refused to provide him as depicted on the Body Camera video of Defendant P.O. DICARLO's body camera footage at 05:35 to 05:50 minutes.

46. PLAINTIFF was finally given medical care at the scene of Van Houten Street and Rosa Parks Boulevard, where he told the Emergency Medical personnel that he had just had a seizure and one of the Defendant officers grabbed his testicles, and that his testicles hurt as depicted on the Body Camera video of Defendant P.O. DICARLO's body camera footage at 10:30 to 11:00 minutes

47. PLAINTIFF asked the Defendant officers, P.O. ASSAF, P.O. DICARLO, P.O. CASTRONOVA, P.O. QIRJAKO, and P.O. PIMIENTA, which one of them grabbed his testicles, to which one of the Defendant officers replied to the PLAINTIFF that it was "Officer Columbo." as depicted in the Body Camera video of Defendant P.O. DICARLO's body camera footage at 10:50 to 11:45 minutes

48. While PLAINTIFF was explaining to the medical team that he suffers from seizures, the Defendant officers mocked him and laughed at him claiming that they did not see him foaming at the mouth and that therefore, he could not have been having a seizure, as depicted on the Body Camera video of Defendant P.O. DICARLO's body camera footage at 9:20 to 10:00 minutes.

49. PLAINTIFF was transported from the scene of Van Houten Street and Rosa Parks Boulevard to St. Joseph's Hospital in Paterson, New Jersey, where he was treated for

injuries related to severe pain in his scrotum and was finally given medication for his seizures.

50. Later that day, PLAINTIFF was discharged from St. Joseph's Hospital and was transported to the Paterson Police Department for processing.

51. Since his first day of incarceration, PLAINTIFF has been seeking medical treatment for the brutal sexual and physical assault that he suffered at the hands of defendants, including but not limited to treatment for the severe pain he was experiencing in his left testicle.

52. PLAINTIFF was diagnosed with a hydrocele and varicocele of his left testicle, requiring surgical intervention for treatment.

53. PLAINTIFF was informed that in addition to pain, his severe injuries will probably cause infertility.

54. PLAINTIFF continues to experience pain from the November 6, 2022 sexual assault committed by P.O. SALAMEH, and the physical assault committed by Defendants P.O. DOMBAYCI, P.O. RIKOWICH, P.O. SALAMEH, and P.O. DAVIS.

**NOTICE OF CLAIM**

55. On February 2, 2023, within ninety days of the incident, PLAINTIFF, through his prior counsel, Ron Bar Nadav, filed Notices of Claim upon Defendants, CITY OF PATERSON and COUNTY OF PASSAIC by submitting copies of the notices to the persons designated by law as persons to whom such claims may be served.

56. The Notices of Claim were in writing and contained the name and address of PLAINTIFF.

57. The Notices of Claim set out the nature of the claim, the time when, as well as the place where and manner by which the claim arose, and the damages and injuries claimed to have been sustained by PLAINTIFF.

## FIRST COUNT FALSE IMPRISONMENT

### In Violation of the Fourth and Fourteenth Amendments

(Against Defendants P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ)

58. PLAINTIFF repeats each and every allegation contained in all previous facts of the Complaint, as if set forth herein at length.

59. Defendants, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ did not have a reasonable or good faith belief of the existence of probable cause to detain, and did not have probable cause to search PLAINTIFF.

60. Defendants, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ violated PLAINTIFF's fourth amendment rights against unlawful search and seizure and caused a deprivation of his liberty. PLAINTIFF was seriously injured which requires the need for future surgery, and that injury could lead to his potential infertility.

61. As a proximate cause and reasonably foreseeable result of Defendants' unlawful conduct, PLAINTIFF has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts

to be determined at trial. As a further proximate cause and reasonably foreseeable result of the Defendants' P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ unlawful conduct, PLAINTIFF has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

62. PLAINTIFF is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

63. In addition to compensatory, economic, consequential and special damages, PLAINTIFF, is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of PLAINTIFF.

**WHEREFORE**, PLAINTIFF, demands judgment against Defendants, PATERSON POLICE DEPARTMENT, CITY OF PATERSON, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ, JOHN DOE 1-10, ABC CORP 1-5, DEF CORP 1-5, (the last three being fictitious designations) its agents, servants and/or employees, jointly, severally, and/or jointly and severally for compensatory damages, punitive damages, interest and costs of suit.

## SECOND COUNT: RESPONDEAT SUPERIOR
## COMMON LAW CLAIM

64. PLAINTIFF repeats each and every allegation contained in all previous Counts of the Complaint, as if set forth herein at length.

65. At all times relevant hereto, Defendants, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ, JOHN DOE 1-10, ABC CORP 1-5, DEF CORP 1-5, (the last three being fictitious designations) were acting as agents, servants and/or employees of Defendants, PATERSON POLICE DEPARTMENT and/or CITY OF PATERSON, and were acting within the course and scope of their employment.

66. At all times herein, Defendant, PATERSON POLICE DEPARTMENT and/or Defendant CITY OF PATERSON were vicariously liable for the actions of Defendants, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ.

67. Defendants, PATERSON POLICE DEPARTMENT, CITY OF PATERSON, ABC CORP 1-5, and/or DEF CORP 1-5 are liable for the negligent acts and/or omissions of their agent, servant, and/or employee under the doctrine of respondeat superior.

68. As a proximate cause and reasonably foreseeable result of Defendants' unlawful conduct, PLAINTIFF has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further proximate cause and reasonably foreseeable result of the Defendants' P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO,

P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ unlawful conduct, PLAINTIFF has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

69. PLAINTIFF is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

70. In addition to compensatory, economic, consequential and special damages, PLAINTIFF, is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of PLAINTIFF.

**WHEREFORE,** PLAINTIFF, demands judgment against Defendant, PATERSON POLICE DEPARTMENT, CITY OF PATERSON, ABC CORP 1-5 and/or DEF CORP 1-5, its agents, servants, and/or employees, jointly, severally, and/or jointly and severally for compensatory damages, punitive damages, interest, and costs of suit.

### THIRD COUNT: EXCESSIVE FORCE

**42 U.S.C. § 1983 – Excessive Force in Violation of the Fourth and Fourteenth Amendments**

(against Defendants, PATERSON POLICE DEPARTMENT, CITY OF PATERSON, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ, JOHN DOE 1-10, ABC CORP 1-5, DEF CORP 1-5)

71. PLAINTIFF repeats each and every allegation contained in all previous facts of the Complaint, as if set forth herein at length.

72. 42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress …

73. PLAINTIFF in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

74. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Paterson Police Department police officers and their acts or omissions were conducted within the scope of their official duties or employment.

75. At the time of the complained of events, PLAINTIFF had clearly established his constitutional right under the Fourth Amendment to be secure in his person from unreasonable search and seizure through excessive force.

76. PLAINTIFF also had clearly established his Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

77. Any reasonable police officer knew or should have known of these rights at the time of the complained conduct as they were clearly established at that time.

78. At all times herein, Defendants, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ were acting in the course and scope of their employment with Defendant, PATERSON POLICE DEPARTMENT and/or Defendant CITY OF PATERSON.

79. Defendants, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA,

P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of PLAINTIFF.

80. Defendants, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to PLAINTIFF's federally protected rights. The force used by these Defendant officers shocks the conscience and violated these Fourteenth Amendment rights of PLAINTIFF.

81. Defendants, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ unlawfully seized PLAINTIFF, and unlawfully searched PLAINTIFF's person, by means of objectively unreasonable, excessive, and conscious shocking physical force, thereby unreasonably restraining PLAINTIFF of his freedom.

82. The force used constituted deadly force in that it could have caused death and did cause serious bodily injury to PLAINTIFF.

83. None of the Defendant officers took reasonable steps to protect PLAINTIFF from the objectively unreasonable and conscience shocking excessive force of other Defendant officers or from the excessive force of later responding officers despite being in a position to do so. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other officer.

84. Defendants, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of PLAINTIFF's federally protected constitutional rights.

85. Defendants did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause PLAINTIFF severe physical and emotional injuries.

86. The acts or omissions of all individual Defendants were moving forces behind PLAINTIFF's injuries.

87. These individual Defendants acted in concert and joint action with each other.

88. The acts or omissions of Defendants as described herein intentionally deprived PLAINTIFF of his constitutional rights and caused him other damages.

89. These individual Defendants are not entitled to qualified immunity for the complained of conduct.

90. The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to PLAINTIFF.

91. As a proximate cause and reasonably foreseeable result of Defendants' unlawful conduct, PLAINTIFF has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further proximate cause and reasonably foreseeable result of the Defendants' P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO,

P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ unlawful conduct, PLAINTIFF has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

92. PLAINTIFF is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

93. In addition to compensatory, economic, consequential and special damages, PLAINTIFF, is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of PLAINTIFF.

**WHEREFORE,** pursuant to 42 U.S.C. § 1983, PLAINTIFF, demands judgment against Defendants, PATERSON POLICE DEPARTMENT, CITY OF PATERSON, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ, JOHN DOE 1-10, ABC CORP 1-5, DEF CORP 1-5, (the last three being fictitious designations) its agents, servants and/or employees, jointly, severally, and/or jointly and severally for compensatory damages, punitive damages, interest and costs of suit.

## FOURTH COUNT: DENIAL OF MEDICAL CARE

**DEPRIVATION OF RIGHTS UNDER THE FOURTEENTH AMENDMENT AND 42 U.S.C. § 1983**
(against Defendants PATERSON POLICE DEPARTMENT, CITY OF PATERSON, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ, JOHN DOE 1-10, ABC CORP 1-5, DEF CORP 1-5)

94. PLAINTIFF repeats each and every allegation contained in all previous Counts of the Complaint, as if set forth herein at length.

95. Members of the Paterson Police Department have an affirmative duty to seek medical attention to persons who are injured in the course of being apprehended by the police.

96. Defendants P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ caused and/or were in the immediate vicinity of PLAINTIFF, when he was grabbed by the scrotum, hit in the face, head, and scrotum, and were aware that PLAINTIFF was experiencing physical pain as a result of P.O. RIKOWICH, P.O. DAVIS, P.O. DOMBAYCI, and P.O. SALAMEH's use of excessive and unnecessary force, but took no action to provide or request medical care for PLAINTIFF, disregarding the obvious risk to PLAINTIFF's health.

97. The conduct and actions of Defendants P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ acting under color of law, in failing to request or obtain medical attention for PLAINTIFF, was unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for PLAINTIFF's serious medical needs, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of PLAINTIFF's substantive due process rights as guaranteed under 42 U.S.C. § 1983, and the Fourteenth Amendment to the United States Constitution.

98. These individual Defendants are not entitled to qualified immunity for the complained of conduct.

99. The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to PLAINTIFF.

100.     As a proximate cause and reasonably foreseeable result of Defendants' unlawful conduct, PLAINTIFF has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further proximate cause and reasonably foreseeable result of the Defendants' P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ unlawful conduct, PLAINTIFF has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

101.     PLAINTIFF is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

102.     In addition to compensatory, economic, consequential and special damages, PLAINTIFF, is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of PLAINTIFF.

**WHEREFORE,** pursuant to 42 U.S.C. § 1983, PLAINTIFF, demands judgment against Defendants, PATERSON POLICE DEPARTMENT, CITY OF PATERSON, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ, JOHN DOE 1-10, ABC CORP 1-5, DEF CORP 1-5, (the last three being fictitious designations) its agents, servants and/or employees, jointly, severally, and/or jointly and severally for compensatory damages, punitive damages, interest and costs of suit.

## FIFTH COUNT: SEXUAL ASSAULT

### COMMON LAW CLAIM

103.    PLAINTIFF repeats each and every allegation contained in all previous Counts of the Complaint, as if set forth herein at length.

104.    At all times relevant hereto, Defendants, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ, did negligently, carelessly and/or recklessly restrain, sexually assault, sexually abuse, accost, fondle, and/or watched other officers do the same without taking action to stop the sexual assault of the PLAINTIFF.

105.    Defendant P.O. SALAMEH purposely and intentionally approached PLAINTIFF, while PLAINTIFF was apprehended and handcuffed, and purposefully reached and grabbed PLAINTIFF's scrotum, while other officers watched and laughed at same.

106.    These individual Defendants are not entitled to qualified immunity for the complained of conduct.

107.    The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to PLAINTIFF.

108.    As a proximate cause and reasonably foreseeable result of Defendants' unlawful conduct, PLAINTIFF has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further proximate cause and reasonably foreseeable result of the Defendants' P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ unlawful conduct, PLAINTIFF has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

109.    PLAINTIFF is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

110.    In addition to compensatory, economic, consequential and special damages, PLAINTIFF, is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of PLAINTIFF.

**WHEREFORE,** PLAINTIFF, demands judgment against Defendants, PATERSON POLICE DEPARTMENT, CITY OF PATERSON, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O.

CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ,

JOHN DOE 1-10, ABC CORP 1-5, DEF CORP 1-5, its agents, servants and/or employees,

jointly, severally, and/or jointly and severally for compensatory damages, punitive damages,

interest and costs of suit.

## SIXTH COUNT

## MONELL CLAIM

**Violation of 42 U.S.C. § 1983 - Deliberately Indifferent Policies, Practices, Customs, Training and Supervision in Violation of the Fourth, Fourteenth, and First Amendments and in Violation of 42 U.S.C. § 1981.**
(Against Defendants PATERSON POLICE DEPARTMENT, CITY OF PATERSON, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ, JOHN DOE 1-10, ABC CORP 1-5, DEF CORP 1-5)

111.    PLAINTIFF repeats each and every allegation contained in all previous counts of

the Complaint, as if set forth herein at length.

112.    42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress …

113.    PLAINTIFF had the following clearly established rights at the time of the

complained conduct:

    a.  The right to be secure in his person from unreasonable seizure through excessive force, under the Fourth Amendment;

    b.  The right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment;

  c. The right to be free from discrimination by police under the Equal Protection Clause of the Fourteenth Amendment and under 42 U.S.C. § 1981.

114. Defendants PATERSON POLICE DEPARTMENT, CITY OF PATERSON, JOHN DOE 1-10, ABC CORP 1-5, and/or DEF CORP 1-5 knew or should have known of these rights at the time of the complained conduct as they were clearly established at that time.

115. The acts or omissions of these Defendants, as described herein, deprived PLAINTIFF of his constitutional and statutory rights and caused him other damages.

116. Defendants are not entitled to qualified immunity for the complained of conduct.

117. Defendants PATERSON POLICE DEPARTMENT, CITY OF PATERSON, JOHN DOE 1-10, ABC CORP 1-5, and/or DEF CORP 1-5 at all times relevant, were policymakers for the City of Paterson and in that capacity established policies, procedures, customs, and/or practices for same.

118. These Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of PLAINTIFF's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

119. Defendants, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ, JOHN DOE 1-10, ABC CORP 1-5, DEF CORP 1-5 have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide

customs, law enforcement related policies, procedures, customs, practices, of its officers that condoned and fostered unconstitutional conduct of the individual defendants, and were a direct and proximate cause of policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendants PATERSON POLICE DEPARTMENT, CITY OF PATERSON, JOHN DOE 1-10, ABC CORP 1-5, and/or DEF CORP 1-5 including the failure to: properly hire and retain, to adequately supervise and train its officers and agents, including the Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers; to properly and adequately monitor and discipline its officers, including Defendants; and to adequately and properly investigate citizen complaints of police misconduct, and, instead, acts of misconduct were tolerated by Defendants PATERSON POLICE DEPARTMENT, CITY OF PATERSON, JOHN DOE 1-10, ABC CORP 1-5, and/or DEF CORP 1-5.

120.    Upon information and belief, Defendants PATERSON POLICE DEPARTMENT, CITY OF PATERSON, JOHN DOE 1-10, ABC CORP 1-5, and/or DEF CORP 1-5, developed, implemented, enforced, encouraged, and sanctioned a de facto policy, practice, and/or custom of unlawfully interfering with and/or arresting, without reasonable suspicion or probable cause.

121.    As a proximate cause and reasonably foreseeable result of Defendants' unlawful conduct, PLAINTIFF has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further proximate cause and reasonably foreseeable result of the Defendants' PATERSON POLICE DEPARTMENT, CITY OF PATERSON, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O.

DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O.

CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ unlawful

conduct, PLAINTIFF has incurred special damages, including medically related expenses

and may continue to incur further medically and other special damages related expenses,

in amounts to be established at trial.

122.     PLAINTIFF is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §

1988, pre-judgment interest and costs as allowable by federal law.

123.     In addition to compensatory, economic, consequential and special damages,

PLAINTIFF, is entitled to punitive damages against each of the individually named

Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual

Defendants have been taken maliciously, willfully or with a reckless or wanton disregard

of the constitutional rights of PLAINTIFF.

**WHEREFORE,** PLAINTIFF, demands judgment against Defendants, PATERSON

POLICE DEPARTMENT, CITY OF PATERSON, P.O. ASSAF, P.O. RIKOWICH, P.O.

PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O.

CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ,

JOHN DOE 1-10, ABC CORP 1-5, DEF CORP 1-5, (the last three being fictitious designations)

its agents, servants and/or employees, jointly, severally, and/or jointly and severally for

compensatory damages, punitive damages, interest and costs of suit.

### SEVENTH COUNT: VIOLATION OF NEW JERSEY'S LAW AGAINST DISCRIMINATION AND EQUAL PROTECTION CLAUSE OF THE 14th AMENDMENT TO THE UNITED STATES CONSTITUTION

124.     PLAINTIFF repeats each and every allegation contained in all previous counts of the Complaint, as if set forth herein, at length.

125.     Upon information and belief, Defendants, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ brutally and severely beat, sexually assaulted, then arrested PLAINTIFF because of PLAINTIFF's skin color, national origin and/or gender and/or because he was African American and/or because of his appearance..

126.     By severely and brutally beating, sexually assaulting, and arresting PLAINTIFF without having a reasonable or good faith basis and due solely to the color of his skin, national origin and/or gender, and/or appearance of the PLAINTIFF, Defendants, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ discriminated against PLAINTIFF, pursuant to N.J.S.A. § 10:5-12(f)(1).

127.     PLAINTIFF was improperly, wrongfully, and unlawfully stopped, handcuffed, and arrested by Defendants, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ, PLAINTIFF.

128.     Defendants, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ did not have

probable cause to believe that PLAINTIFF committed any crime and/or any act that warranted their aforesaid actions.

129.    Defendants, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ did not have probable cause to detain PLAINTIFF.

130.    Defendants, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ did not have probable cause to search PLAINTIFF.

131.    Defendants, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ did not have probable cause to charge PLAINTIFF with any crimes.

132.    The acts set forth in paragraphs 15 through 54 infra were motivated solely by PLAINTIFF'S, *inter alia*, color, national origin and/or appearance, and/or his gender thereby violating the *New Jersey Law Against Discrimination.*

133.    PLAINTIFF was seriously injured and hurt which ultimately requires the need for future surgery and to his potential infertility.

134.    As a proximate cause and reasonably foreseeable result of Defendants' unlawful conduct, PLAINTIFF has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further proximate cause and

reasonably foreseeable result of the Defendants' PATERSON POLICE DEPARTMENT, CITY OF PATERSON, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ unlawful conduct, PLAINTIFF has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

135.     PLAINTIFF is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

136.     In addition to compensatory, economic, consequential and special damages, PLAINTIFF, is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of PLAINTIFF.

**WHEREFORE,** PLAINTIFF, demands judgment against Defendants, PATERSON POLICE DEPARTMENT, CITY OF PATERSON, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ, JOHN DOE 1-10, ABC CORP 1-5, DEF CORP 1-5, (the last three being fictitious designations) its agents, servants and/or employees, jointly, severally, and/or jointly and severally for compensatory damages, punitive damages, interest and costs of suit.

## EIGHTH COUNT: ASSAULT AND BATTERY

### COMMON LAW CLAIM

137.    PLAINTIFF repeats each and every allegation contained in all previous counts of the Complaint, as if set forth herein at length.

138.    By the conduct and actions described above, Defendants, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ, JOHN DOE 1-10, ABC CORP 1-5, DEF CORP 1-5, (the last three being fictitious designations) inflicted the torts of assault and battery upon PLAINTIFF.

139.    Defendants, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ, JOHN DOE 1-10, acts constituted an assault upon PLAINTIFF, in that Defendants intentionally attempted to injure PLAINTIFF or commit a battery upon him.

140.    Defendants' acts constituted a battery upon PLAINTIFF, in that the above-described bodily contact was intentional, unauthorized, and grossly offensive in nature.

141.    The actions of Defendants, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ, JOHN DOE were intentional, reckless, and unwarranted, and without any just cause or provocation, and Defendants knew, or should have known, that their actions were without the consent of PLAINTIFF.

142.    The injuries sustained by PLAINTIFF were caused wholly and solely by reason of the conduct described, and PLAINTIFF did not contribute thereto.

143.    As a proximate cause and reasonably foreseeable result of Defendants' unlawful conduct, PLAINTIFF has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further proximate cause and reasonably foreseeable result of the Defendants' PATERSON POLICE DEPARTMENT, CITY OF PATERSON, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ unlawful conduct, PLAINTIFF has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

144.    PLAINTIFF is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

145.    In addition to compensatory, economic, consequential and special damages, PLAINTIFF, is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of PLAINTIFF.

**WHEREFORE,** PLAINTIFF, demands judgment against Defendants, PATERSON POLICE DEPARTMENT, CITY OF PATERSON, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ, JOHN DOE 1-10, ABC CORP 1-5, DEF CORP 1-5, (the last three being fictitious designations)

its agents, servants and/or employees, jointly, severally, and/or jointly and severally for compensatory damages, punitive damages, interest and costs of suit.

## NINTH COUNT: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### COMMON LAW CLAIM

146.    PLAINTIFF repeats each and every allegation contained in all previous counts of the Complaint, as if set forth herein at length.

147.    Defendants, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ conduct in hitting PLAINTIFF in the face and head, as well as the sexually assaulting PLAINTIFF, without provocation or justification, was extreme, outrageous, and utterly intolerable in a civilized community, conduct which exceeded all reasonable bounds of decency.

148.    Defendants, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ, conduct described above, was intended to, and did cause severe emotional distress to PLAINTIFF.

149.    The conduct of Defendants, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ, as set forth above, was the proximate cause and reasonably foreseeable result of injury and damage to PLAINTIFF and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New Jersey.

150.     The distress suffered by the PLAINTIFF by reason of the aforesaid acts is so severe that no reasonable person should be expected to endure such distress.

151.     As a proximate cause and reasonably foreseeable result of Defendants' unlawful conduct, PLAINTIFF has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further proximate cause and reasonably foreseeable result of the Defendants' PATERSON POLICE DEPARTMENT, CITY OF PATERSON, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ unlawful conduct, PLAINTIFF has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

152.     PLAINTIFF is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

153.     In addition to compensatory, economic, consequential and special damages, PLAINTIFF, is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of PLAINTIFF.

**WHEREFORE,** PLAINTIFF, demand judgment against Defendants, PATERSON POLICE DEPARTMENT, CITY OF PATERSON, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O.

CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ, JOHN DOE 1-10, ABC CORP 1-5, DEF CORP 1-5, (the last three being fictitious designations) its agents, servants and/or employees, jointly, severally, and/or jointly and severally for compensatory damages, punitive damages, interest and costs of suit.

## TENTH COUNT: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## COMMON LAW CLAIM

154.    PLAINTIFF repeats each and every allegation contained in all previous Counts of the Complaint, as if set forth herein at length.

155.    Defendants', P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ, JOHN DOE 1-10, ABC CORP 1-5, DEF CORP 1-5, (the last three being fictitious designations) conduct, in assaulting and battering PLAINTIFF, was careless and negligent as to the emotional health of PLAINTIFF and caused severe emotional distress to PLAINTIFF.

156.    The acts and conduct of Defendants P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ was the direct and proximate cause of injury and damage to PLAINTIFF and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New Jersey.

157.    As a proximate cause and reasonably foreseeable result of Defendants' unlawful conduct, PLAINTIFF has suffered actual physical and emotional injuries, and other

damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further proximate cause and reasonably foreseeable result of the Defendants' P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ unlawful conduct, PLAINTIFF has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

158.    PLAINTIFF is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

159.    In addition to compensatory, economic, consequential and special damages, PLAINTIFF, is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of PLAINTIFF.

**WHEREFORE,** PLAINTIFF, demands judgment against Defendants, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ, JOHN DOE 1-10, ABC CORP 1-5, DEF CORP 1-5, its agents, servants and/or employees, jointly, severally, and/or jointly and severally for compensatory damages, punitive damages, interest and costs of suit.

## ELEVENTH COUNT: NEGLIGENT HIRING, SUPERVISION, RETENTION AND TRAINING

### COMMON LAW CLAIM

160.    PLAINTIFF repeats each and every allegation contained in all previous Counts of the Complaint, as if set forth herein at length.

161.    In light of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of hiring, training and/or supervision and/or retention is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

162.    The deliberately indifferent hiring, training and supervision and/or retention provided by Defendants, CITY OF PATERSON, PATERSON POLICE DEPARTMENT, and/or ABC CORP 1-5 and/or DEF CORP 1-5 resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendants, CITY OF PATERSON, PATERSON POLICE DEPARTMENT, and/or ABC CORP 1-5 and/or DEF CORP 1-5 and were moving forces in the negligent hiring, supervision, retention and training complained of by PLAINTIFF.

163.    Defendants, CITY OF PATERSON, PATERSON POLICE DEPARTMENT, and/or ABC CORP 1-5 and/or DEF CORP 1-5 negligently hired, trained, supervised and retained Defendants P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O.

CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ who were unfit for their jobs.

164.    As a proximate cause and reasonably foreseeable result of Defendants' unlawful conduct, PLAINTIFF has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further proximate cause and reasonably foreseeable result of the Defendants' PATERSON POLICE DEPARTMENT, CITY OF PATERSON, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ unlawful conduct, PLAINTIFF has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

165.    In addition to compensatory, economic, consequential and special damages, PLAINTIFF, is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of PLAINTIFF.

166.    PLAINTIFF is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

**WHEREFORE,** PLAINTIFF, demands judgment against Defendants, PATERSON POLICE DEPARTMENT and CITY OF PATERSON ABC CORP. 1-10 and/or DEF CORP. 1-

10 its agents, servants, and/or employees, jointly, severally, and/or jointly and severally for compensatory damages, punitive damages, interest, and costs of suit.

## THIRTEENTH COUNT: NEGLIGENCE

### COMMON LAW CLAIM

167.    PLAINTIFF repeats each and every allegation contained in all previous Counts of the Complaint, as if set forth herein at length.

168.    At all times relevant hereto, Defendants, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ, owed a duty to PLAINTIFF to perform their police duties without the use of excessive force.

169.    Defendants use of force upon PLAINTIFF, when PLAINTIFF was already restrained and handcuffed did not pose a threat of death or grievous bodily injury to Defendants, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ, or to others constitutes negligence.

170.    As a proximate cause and reasonably foreseeable result of Defendants' unlawful conduct, PLAINTIFF has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further proximate cause and reasonably foreseeable result of the Defendants' PATERSON POLICE DEPARTMENT,

CITY OF PATERSON, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ unlawful conduct, PLAINTIFF has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

171.     PLAINTIFF is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

172.     In addition to compensatory, economic, consequential and special damages, PLAINTIFF, is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of PLAINTIFF.

**WHEREFORE,** PLAINTIFF, demands judgment against Defendants, P.O. ASSAF, P.O. RIKOWICH, P.O. PIMIENTA, P.O. DICARLO, P.O. DOMBAYCI, P.O. QIRJAKO, P.O. DAVIS, P.O. CULMONE, P.O. CASTRONOVA, P.O. SALAMEH, P.O. HERMANN, P.O. MELENDEZ, PATERSON POLICE DEPARTMENT, CITY OF PATERSON, ABC CORP 1-5 and/or DEF CORP 1-5, its agents, servants and/or employees, jointly, severally, and/or jointly and severally for compensatory damages, punitive damages, interest and costs of suit.


## JURISDICTION AND VENUE

173.     This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C.

§§ 1981, 1983 and 1988, and the First, Fourth and Fourteenth Amendments. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

174.     Plaintiffs further invoke this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

175.     This case is instituted in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1391 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Mark Niedziela, Esq. is designated as trial counsel.

## CERTIFICATION

I hereby certify that this matter is not the subject of any other action pending in any court or arbitration proceeding, that no such other action or arbitration proceeding is contemplated by this Plaintiff, and that there are no other parties, whom, to the knowledge of the Plaintiff's counsel, should be joined in this action.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


Dated: October 30, 2024            _____
MARK NIEDZIELA